UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JAMES HEDMAN CLARK, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 22-cv-2874 (RC) |
| | : | | |
| v. | : | Re Document No.: | 4, 5, 6 |
| | : | | |
| UNITED STATES OF AMERICA, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS,* DENYING PLAINTIFF'S MOTION TO BE DECLARED A *NON COMPOS MENTIS* LITIGANT, DENYING PLAINTIFF'S MOTION TO BE APPOINTED COUNSEL

## I. INTRODUCTION

Plaintiff James Hedman Clark, proceeding *pro se*, has brought six claims against a sprawling list of defendants that includes the United States, government officials, and private entities: (1) declaratory judgment on the identity of a patent under 28 U.S.C. § 3301; (2) action to quiet title under 28 U.S.C. § 2409(a); (3) Equal Protection violations under the Fourteenth Amendment; (4) declaratory judgment that Plaintiff's property was improperly seized under the Fourth Amendment; (5) Fifth Amendment violations; and (6) a second action to quiet title claim under 28 U.S.C. § 2409(a).  *See* Compl., ECF No. 1.  On January 26, 2023, Plaintiff filed an application for leave to proceed in forma pauperis.  *See* Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 5.  He also filed a motion under Federal Rule of Civil Procedure 17(c) to determine his disability conditions and status as a *non compos mentis* litigant, and a motion to appoint counsel.  *See* Pl. Mot. For This Court to Determine His Disability Conditions and Status as a "Non Compos Mentis" Litigant ("Pl.'s Rule 17 Motion)", ECF No. 4;

Pl. Mot. to Appoint Counsel to Pl. for Assistance or Representation ("Mot. to Appoint Counsel"), ECF No. 6.  The Court will deny the motion to proceed *in forma pauperis*, and for the reasons stated below, the Court will: (1) deny Plaintiff's Rule 17(c) motion and (2) deny Plaintiff's motion to appoint counsel.[1]

## II.  FACTUAL BACKGROUND

Plaintiff claims that he was born with severe attention-deficit/hyperactivity disorder (ADD/ADHD) that was diagnosed between 1993 and 1994.  Pl.'s Rule 17 Mot. at 2.  Plaintiff was prescribed medication to treat his ADD/ADHD from 1994 to 2017.  *Id.*  In 2005, Plaintiff was diagnosed with Generalized Anxiety Disorder (GAD) and was prescribed anxiety medication until 2017.  *Id.* at 4.  During that time Plaintiff claims he "was very diligent and accomplished," however after 2017 Plaintiff could no longer obtain "the amount [of] (meds) . . . prescribed to him from 2005-2017."  *Id.* at 4–5.  While Plaintiff does not explain why he could no longer access his medication, his inability to secure proper medication since 2017 has allegedly left him unable to "access the intellectual capacity of his mind" nor to understand "his legal options."  *Id.* at 5.  Plaintiff claims the United States Social Security Administration has considered him "permanently" and "totally" disabled since 2005.  *Id.* at 2, 6.

---

[1] Plaintiff's application states that he has already paid the filing fee and will not seek reimbursement for that fee.  Application to Proceed in District Court Without Prepaying Fees or Costs at 4.  He seeks to proceed *in forma pauperis* because he was "unaware of the costs required for service of process to service each of the named defendants" and now believes he cannot afford service.  *Id.*  But the current application gives no indication that Plaintiff has explored waiver of service options with the private parties, and the United States parties can be served through the U.S. Attorney's Office for the District of Columbia, which is now accepting service by email.  Therefore, the Court denies the application because Plaintiff has not met his burden to establish that he is unable to pay the fees required to pursue this case.

### III.  LEGAL STANDARD

### A.  Appointment of Guardian Ad Litem

Rule 17(c) provides district courts with little guidance.  *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003).  The rule states in part, "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action," Fed. R. Civ. P. 17(c)(2), but is silent on when competency inquiries are appropriate, and whether *pro se* plaintiffs are given special consideration.  *Ferrelli*, 323 F.3d at 201.  Additionally, the Fifth Amendment's Due Process Clause limits the processes that district courts may use to determine a litigant's mental capacity.  *Sturdza v. United Arab Emirates*, 562 F.3d 1186, 1188 (D.C. Cir. 2009) ("[A] litigant possesses liberty interests in avoiding the stigma of being found incompetent, and in retaining personal control over the litigation…") (citing *Neilson v. Colgate–Palmolive Co.,* 199 F.3d 642, 651 (2d Cir. 1999) (citation omitted)); *Ferrelli*, 313 F.3d at 201 ("In providing a standard to guide the district court's discretion in this area, we are mindful of the need to protect the rights of the mentally incompetent.").  District courts do not have an obligation to inquire *sua sponte* into a litigant's capacity under Rule 17(c).  *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012); *Ferrelli*, 313 F.3d at 201.

Although litigants may act in such ways that "suggest some degree of mental instability," this behavior does not necessarily suggest that a legal representative should be appointed.  *Hudnall v. Sellner*, 800 F.2d 377, 385 (4th Cir. 1986).  The relevant inquiry under Rule 17(c)(2) is "whether the litigant is 'mentally competent to understand the nature and effect of the litigation she has instituted.'"  *Wodiuk v. Pueblo Cnty. Sheriff's Dep't Officer Caitlin Graziano*, No. 14-cv-02931, 2017 WL 2438993, at *14 (D. Colo. June 6, 2017) (quoting

3

*Scannavino v. Fla. Dep't of Corr.*, 242 F.R.D. 662, 664 (M.D. Fla. 2007); *see also Donnelly v. Parker,* 486 F.2d 402, 407 (D.C. Cir. 1973) (stating that Rule 17(c) may require an inquiry into the plaintiff's "capacity to understand the meaning and effect of the litigation being prosecuted in her name").

### B. Appointment of Counsel

Plaintiffs in a civil action do not have a constitutional—or statutory—right to counsel. *Willis v. Fed. Bureau of Investigation,* 274 F.3d 531, 532–33 (D.C. Cir. 2001). However, under "exceptional circumstances," when "the denial of counsel would result in fundamental unfairness," the court has the discretion to appoint counsel. *Renoir v. Governor of Va.*, 755 F. Supp. 2d 82, 84 (D.D.C. 2010); *Pinson v. U.S. Dep't of Just.*, 104 F. Supp. 3d 30, 35 (D.D.C. 2015) (quoting *Mays v. Meeks,* No. 05–cv-2116, 2006 WL 890671, at *1 (D.D.C. Apr. 5, 2006) (citing 28 U.S.C. § 1915(e)(1)). Courts look to Local Civil Rule 83.11 to determine whether counsel should be appointed. *KRS Processing Inc. v. Am. Soc'y of Composers, Authors & Publishers*, No. 19-cv-167, 2020 WL 7319250, at *2 (D.D.C. Feb. 12, 2020). Specifically, Local Civil Rule 83.11(b)(3) provides four factors for consideration: "(i) [n]ature and complexity of the action[,] (ii) [p]otential merit of the *pro se* party's claims[,] (iii) [d]emonstrated inability . . . to retain counsel by other means[,] and (iv) [d]egree to which the interests of justice will be served by appointment of counsel. . . ." LCvR 83.11(b)(3).

### IV.  ANALYSIS

### A.  Rule 17(c) Motion

Plaintiff claims he should be considered mentally incompetent and be appointed a guardian ad litem because of "'permanent' and 'total' disabilities" that have developed due to his ADD/ADHD and GAD. Pl.'s Rule 17 Mot. at 2–4. In deciding whether to appoint a guardian ad

4

litem, the Court looks to verifiable evidence of Plaintiff's alleged incompetence, such as "actual documentation or testimony by a mental health professional, a court of record, or a relevant public agency" about his mental capacity.  *Ferrelli*, 313 F.3d at 201 n.4; *see also Neilson,* 199 F.3d at 645 (affirming the district court's appointment of a guardian ad litem because plaintiff had previously been committed to psychiatric hospitals); *Bowen v. Rubin*, 213 F. Supp. 2d 220, 223–24 (E.D.N.Y. 2001) (granting plaintiff's motion to appoint guardian ad litem because plaintiff submitted declarations from treating psychiatrists); *Blatch v. Franco*, No. 97-cv-3918, 1998 WL 265132, at *9 (S.D.N.Y. May 26, 1998) (granting motion to appoint guardian ad litem because plaintiff's mental competency was previously called into question in past/separate legal proceedings).

Here, Plaintiff has failed to submit sufficient evidence to support his claim of incompetence.  *See generally* Pl.'s Rule 17 Mot.  While Plaintiff claims to have been treated by various psychiatric professionals between 1993 and 2017, Plaintiff admits the treatments stopped in 2017.  *Id.* at 2–5.  Furthermore, in a separate filing, Plaintiff explained he has not received new mental health treatment because he is "currently subjected to Mass Surveillance."  Pl.'s Mot. to Appoint Counsel at 5–6.  Although Plaintiff can occasionally do a walk-in appointment, Plaintiff believes that the "Mass Surveillance" team is keeping him from scheduling follow-up appointments with his doctors.  *Id.*  Thus, Plaintiff is unable to provide a declaration from a treating psychiatrist about his mental state.

Additionally, Plaintiff's motion fails to show that his mental capacity has been conclusively resolved by a court or public agency.  Plaintiff claims that the United States Social Security Administration determined that he qualifies for Social Security Disability Benefits "sometime between April, of 2008; through March of 2010."  Pl.'s Rule 17 Mot. at 2.  However,

a determination of whether an individual has the capacity to work is different from a determination regarding an individual's ability to "understand [his] legal obligations." *Wagner v. Akin Gump Strauss Hauer & Feld, LLP*, No. 16-cv-568, 2017 WL 6942436, at *1 (D.D.C. Feb. 16, 2017); see *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998) ("The disability of a person claiming to be *non compos mentis* must be 'of such a nature as to show [he] is unable to manage [his] business affairs or estate, or to comprehend [his] legal rights or liabilities.'") (citation omitted). Therefore, the Social Security Administration's decision regarding Plaintiff's Social Security Disability Benefits is insufficient to support appointing a guardian ad litem.

Ultimately, although Plaintiff does assert his own mental incapacity, self-assertion is insufficient to trigger the Court's obligations under Rule 17. *Ferrelli*, 313 F.3d at 202. Plaintiff's filings are at times disordered and conspiratorial, but his "bizarre behavior" does not rise to the level that justifies the appointment of a guardian ad litem. *See id.* at 203. The Court is unconvinced that Plaintiff lacks the mental competency "to understand the nature and effect of the litigation [he] has instituted.' *Wodiuk,* 2017 WL 2438993, at *14. Thus, the Court will deny Plaintiff's Rule 17 motion.

### B.  Appointing Counsel

Plaintiff, in anticipation of "this court determining Plaintiff's Disability Condition(s) don't qualify him to proceed in this action as a NON COMPOS MENTIS litigant," has also filed a motion to appoint counsel. Pl.'s Mot. to Appoint Counsel at 1 (emphasis in the original). However, because Plaintiff does not have a right to counsel the court must weigh four factors to determine whether this case presents an "exceptional circumstance." *See Willis,* 274 F.3d at 532–33; *Renoir*, 755 F. Supp. 2d at 84. First, this claim is not complex because it can be resolved by

determining whether Plaintiff had a valid patent, and whether the government violated said patent.  Furthermore, it is unclear whether Plaintiff's claims have merit considering he has had similar claims dismissed before.  Pl.'s Mot. to Appoint Counsel at 5–8.  The third factor weighs most heavily against Plaintiff because he has made little effort to secure counsel.  *Id.* at 5.  Plaintiff admits that he has only met with potential attorneys as a walk-in and refuses to schedule follow-up meetings electronically.  *Id.* at 6.  While Plaintiff claims he has "no money; and therefore, [cannot] compensate an attorney," the fact remains that Plaintiff has not made sufficient efforts to retain counsel by other means.  *Id.*  Lastly, the Court does not believe the interests of justice will be served by appointing counsel because Plaintiff has failed to show why his case is an exceptional circumstance compared to other *pro se* cases.  Therefore, Plaintiff's motion is denied.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) is **DENIED**, Plaintiff's motion to determine Plaintiff's disability conditions and status as a *non compos mentis* litigant (ECF No. 4) is **DENIED**, and Plaintiff's motion to appoint counsel (ECF No. 6) is **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: September 28, 2023                                                       RUDOLPH CONTRERAS
                                                                                                          United States District Judge